UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD L. TRUEX, D.D.S.,

Plaintiff,

v.

ALLSTATE INSURANCE CO.,

Defendant.

Misc No. 05-00439 (ESH/JMF)

MEMORANDUM OPINION

This case was referred to me for resolution of Plaintiff Donald L. Truex' Motion to Compel Deposition of FEMA Personnel. I previously stayed proceedings in this case pending Truex's compliance with Local Rule 83.2(c)(1), which requires attorneys who are not members of the Bar of this Court to join an attorney who is a member of the Bar of this Court. Truex has since retained local counsel and filed Donald L. Truex' Renewed Notice of Motion and Motion to Compel Deposition of FEMA Personnel ("Mot. to Compel"). In response to Truex's original motion to compel, the Federal Emergency Management Administration ("FEMA") filed Respondent FEMA's Memorandum in Opposition to Petitioner's Motion to Compel and Cross-Motion to Quash Subpoena ("Opp'n and Mot. to Quash").[1] As will be discussed in this memorandum opinion, Truex's motion to compel will be denied and FEMA's motion to quash will be granted for two reasons: (1) Truex failed to exhaust his administrative remedies under the

---

[1] Because Truex's renewed motion to compel is identical to his original motion to compel and because the trial date is less than two weeks away, I find it unnecessary to wait for FEMA to file an opposition to his renewed motion before ruling on it. FEMA's opposition appears to have been fully briefed in its response to Truex's original motion.

Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"); and (2) the federal government is not a "person" within the meaning of Rule 45.

I.    BACKGROUND

Truex filed a lawsuit against Allstate Insurance Company ("Allstate") in the United States District Court for the Central District of California, alleging breach of insurance contract and tortious breach of the covenant of good faith and fair dealing in the handling of his claims for flood and mold damage. Truex's Memorandum in of Points and Authorities ("Truex Mem.") at 1. Allstate is a participating Write Your Own Company ("WYO") that sells the Standard Flood Insurance Policy pursuant to the National Flood Insurance Program which is run by FEMA. Id. at 2-3. Truex had purchased a Standard Flood Insurance Policy through Allstate. Id. at 2. In defending against Truex's allegations, Allstate asserts that, as a WYO, it is an agent of FEMA and that its status as an agent of FEMA is a complete bar to Truex's lawsuit. Id. In an attempt to gather evidence to dispute Allstate's agency defense, Truex served a subpoena on FEMA. Id. at 2-3.

Truex's initial subpoena to FEMA was issued from the United States District Court for the Central District of California and sought both documents and testimony relating to Truex's lawsuit. Opp'n and Mot. to Quash at 2. FEMA objected to the subpoena and informed Truex of its regulations limiting the production of documents and prohibiting agency witnesses from testifying in litigation to which FEMA is not a party. Id. at 2. On September 20, 2005, Truex provided FEMA with a request for a waiver of its regulations, asking that it allow for the deposition of a knowledgeable FEMA employee. Id. at 3. FEMA denied Truex's request for a waiver and sent him a letter explaining the basis for its determination. Id. at 4. Specifically,

FEMA determined that Allstate was solely responsible for defending against Truex's lawsuit, that the subpoena sought largely speculative testimony about interests not part of the litigation, and that the Federal Insurance Administration staff were busy performing critical obligations related to the aftermath of Hurricanes Katrina and Rita. Id. at 10-11, Exh. 2.

Because a subpoena for attendance at a deposition must issue from the district where the deposition is to be taken, on September 29, 2005, Truex served a second subpoena on FEMA, this time issued from the United States District Court for the District of Columbia. Truex Mem. at 4.  This second subpoena requested only deposition testimony. Opp'n and Mot. to Quash at 4. Truex subsequently filed the present motion to compel the deposition of FEMA personnel.

**II.     DISCUSSION**

Truex moves this court for an order compelling FEMA to appear for deposition and give testimony in compliance with the *subpoena ad testificandum* served on September 29, 2005. Mot. to Compel at 1.  In support of his motion, Truex asserts that the Federal Rules of Civil Procedure are controlling and that FEMA's regulations cannot preclude the deposition of FEMA's employees pursuant to a Rule 45 subpoena. Id.

In response, FEMA raises four arguments.  First, FEMA argues that the subpoena is invalid because the federal government is not a "person" within the meaning of Rule 45 and, therefore, the government cannot be subject to a subpoena issued under that rule. Opp'n and Mot. to Quash at 7.  Second, FEMA argues that its regulations restricting employee testimony are valid and that there has been no waiver of sovereign immunity in this case. Id.  Third, FEMA argues that Truex failed to exhaust his administrative remedies, which requires him to file a separate lawsuit under the APA challenging FEMA's denial of his request for a waiver. Id.  Fourth,

3

FEMA argues that compliance with the subpoena would be burdensome and have serious programmatic implications. Id.

### A. FEMA's Touhy Regulations and Truex's Failure to Exhaust His Administrative Remedies

Truex argues that the Federal Rules of Civil Procedure govern his request for a deposition, where as FEMA asserts that its Touhy regulations govern. Pursuant to 5 U.S.C. § 301, a federal agency may establish procedures for responding to non-party subpoenas. See 5 U.S.C. § 301 ("the head of an executive department . . . may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property"); Bobreski v. U.S. Envtl. Prot. Agency, 284 F.Supp.2d 67, 78 (D.D.C. 2003) (regulations under 5 U.S.C. § 301 "apply to all federal proceedings except those to which the United States is a party"). Regulations promulgated under 5 U.S.C. § 301 are commonly known as Touhy regulations, after Touhy v. Ragen, 340 U.S. 462 (1951).[2]

FEMA has promulgated Touhy regulations that prohibit the testimony of its employees in cases to which FEMA is not a party. Specifically, 44 C.F.R. § 5.87(a) provides:

> No FEMA employee shall testify in response to a subpoena or other demand in private litigation as to any information relating to material contained in the files of the Agency, or any information acquired as part of the performance of that person's official duties or because of that person's official status, including the meaning of Agency documents.

---

[2] In Touhy, the Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a *subpoena duces tecum* where the employee's superior had prohibited him from producing the subpoenaed documents pursuant to an agency regulation promulgated under 5 U.S.C. § 301.

44 C.F.R. § 5.87(a). This prohibition on employee testimony can be waived only by FEMA's General Counsel. Specifically:

> The General Counsel . . . may grant, in writing, a waiver of any policy or procedures prescribed by this subpart, where waiver is considered necessary to promote a significant interest of the Agency or for other good cause.

44 C.F.R. § 5.89. The policy underlying these FEMA regulations is "to preserve [FEMA's] human resources for performance of the official functions of the Agency and to maintain strict impartiality with respect to private litigants." 44 C.F.R. § 5.81(b).

Truex argues that, through 5 U.S.C. § 301, Congress did not grant federal agencies the authority to pass regulations, such as FEMA's, that circumvent the discovery provisions of the Federal Rules of Civil Procedure. Truex Mem. at 11. In so arguing, Truex relies heavily on Exxon Shipping Co. v. U.S. Dep't of the Interior, 34 F.3d 774 (9th Cir. 1994), in which the Ninth Circuit held that 5 U.S.C. § 301 does not create an independent privilege to withhold government documents from a valid subpoena. Exxon Shipping, 34 F.3d at 780. In that case, the court expressly chose to not draw a distinction between non-party subpoenas and subpoenas in cases to which the government is a party. Id. The government agencies at issue in Exxon Shipping, however, were named defendants, rendering the situation before the Ninth Circuit significantly different from the situation before me in which FEMA is not a party. Moreover, an extension of Exxon Shipping's holding to non-party government subpoenas would be contrary to the precedent of the District of Columbia Circuit, which I must follow.

This court has upheld Touhy regulations, like FEMA's, which prohibit the agency's employees from testifying in private litigation absent a waiver from the agency. See, e.g.,

5

Bobreski, 284 F.Supp.2d at 78-80; Ho v. United States, 374 F.Supp.2d 82, 83 (D.D.C. 2005). See also Alexander v. FBI, 186 F.R.D. 66, 69 (D.D.C. 1998) ("It is well settled . . . that a federal agency may prescribe regulations governing the disclosure of information, testimony, or materials by agency personnel."). Moreover, as I recently explained in a similar case:

> It is the law of this Circuit that, when a federal agency, pursuant to so-called *Touhy* regulations, prohibits its employees from responding to a *subpoena ad testificandum* without agency approval and declines to grant that approval in a given case, the requesting party must then proceed under the APA, and a federal court will review the agency's decision under an 'arbitrary and capricious' standard.

Chen v. Ho, 368 F.Supp.2d 97, 98 (D.D.C. 2005) (citing Houston Bus. Journal, Inc. v. Office of the Comptroller, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996)). See also Bobreski, 284 F.Supp.2d at 73-74.[3]

Rather than challenge FEMA's denial of his request for a waiver pursuant to the APA, Truex elected to file a motion to compel FEMA's compliance with his subpoena. That election was improper – his only option was to proceed under the APA.

B.    **Whether Rule 45 Applies to FEMA**

FEMA also argues that Truex's subpoena should be quashed because a federal agency is not a "person" as used in Rule 45 of the Federal Rules of Civil Procedure. Opp'n and Mot. to Quash at 7. Although there appears to have been a past assumption in this Circuit "that 'person'

---

[3] There is some indication that this Circuit would treat a *subpoena duces tecum* differently. See Linder v. Calero-Portocarrero, 251 F.3d 178, (D.C. Cir. 2001); Houston Business Journal, 86 F.3d at 1212 n.4. However, this court recently made it clear that, where an agency has enacted valid Touhy regulations, a federal court litigant may not obtain a *subpoena ad testificandum* (which is the type of subpoena Truex is asking the court to enforce) against an employee of a federal agency, but rather, must proceed under the APA. Ho, 374 F.Supp.2d at 83-84 (citing Houston Business Journal, 86 F.3d at 1212 n.4), *affirming my order in* Chen v. Ho, 368 F.Supp.2d 97, 98 (D.D.C. 2005).

in Rule 45 included the federal government, [this Circuit has] never expressly so held." Linder, 251 F.3d at 181-82. That assumption was called into question in Al Fayed v. CIA, 229 F.3d 272 (D.C. Cir. 2000). In Al Fayed, the Court of Appeals interpreted the term "person" as used in 28 U.S.C. § 1782(a), a statute that permits discovery directed to non-parties in the federal courts by parties to proceeding before foreign and international courts, to not include the federal government. Al Fayed, 229 F.3d at 273. In so holding, the court relied on the general statutory presumption that "the word 'person' . . . does not include a sovereign absent affirmative evidence of such an inclusory intent. Id. at 274. The court went on to explain that "[t]he presumption is not a 'hard and fast rule of exclusion . . . [but] it may be disregarded only upon some statutory intent to the contrary.'" Id. (quoting Vermont Agency of Natural Res. v. United States ex rel. Stevens, 259 U.S. 1858, 1867 (2000)).

In response to Al Fayed and Linder, the District Court has re-examined the assumption that Rule 45 applies to the federal government and held that "person" as used in Rule 45 does not include federal agencies. Ho, 374 F.Supp.2d at 84 n.4 (noting that all of the opinions since Linder have applied the reasoning in Al Fayed to exempt the federal government from Rule 45); Lerner v. District of Columbia, 2005 WL 2375175 at *4, C.A. No. 00-1590 (D.D.C. Jan. 7, 2005) ("Despite the fact that *Al Fayed* did not directly address the issue now before this Court, our Circuit's reasoning in that case is dispositive and . . . compels the conclusion that the term 'person' in rule 45 does not include the federal government."); Yousuf v. Samantar, 2005 WL 1523385 at *4, Misc. Case No. 05-110 (D.D.C. May 3, 2005) (finding no reason to deviate from the Circuit's reasoning in *Al Fayed*, the court was "compelled to conclude that a federal government agency is not a 'person' within the meaning of Rule 45 and thus [could] not enforce

a Rule 45 subpoena served on such agency."); United States ex rel. Taylor v. Gabelli, 2005 WL 2375173 at *2, Misc. Case No. 04-534 (D.D.C. May 3, 2005) ("the Court finds that the term 'person' in Rule 45, in the absence of a satisfactory basis to override this interpretive presumption, does not include the federal government.").

Applying the Court of Appeals' reasoning in Al Fayed and the subsequent reasoning of the judges of this court, I find that Truex has presented no authority to overcome the presumption that "person" within Rule 45 does not include the government.  Therefore, Truex's subpoena is not enforceable against FEMA and must be quashed.

### III.   CONCLUSION

For the foregoing reasons, I will deny Truex's motion to compel and grant FEMA's cross-motion to quash.[4]

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

[4] Because I have resolved the motions on other grounds, I find it unnecessary to address FEMA's final argument that compliance with the subpoena would be unduly burdensome and have serious programmatic consequences.  The court notes that FEMA's arguments as to why the subpoena would be burdensome and have programmatic consequences appear to be, for the most part, the same reasons why it denied Truex's request for a waiver of its Touhy regulations and strongly suggest that its decision was not arbitrary or capricious.